**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSE CARLOS GOMEZ CAMEJO,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-01364-RFB-DJA

**ORDER**

Petitioner Jose Carlos Gomez Camejo, an immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1-1). He challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). He asserts he is a member of the certified class in Jacobo-Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC (D. Nev.). Therefore, he may be entitled to relief pursuant to the Court's class-wide grant of partial summary judgment. See Jacobo-Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, ECF No. 96 (D. Nev. Mar. 30, 2026).

By statute, this Court has the discretion to appoint counsel for indigent habeas corpus petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); see also Hill v. Lizarraga, 731 Fed.Appx. 686, 687 n.2 (9th Cir. 2018); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (quoting 18 U.S.C. § 3006A). The Court finds that appointment of counsel is in the interest of justice here as this case necessarily implicates a complex web of detention authority developed specifically for noncitizens. See Torres v. Barr, 976 F.3d 918, 924 (9th Cir. 2020) (describing the Immigration and Nationality Act as: a "morass;" a "Gordian know;" and "King Minos's labyrinth in ancient Crete") (citations omitted). Therefore, **IT IS HEREBY ORDERED** that the Federal Public Defender for the United States District of Nevada ("FPD") is **APPOINTED**

to represent Petitioner. **The Clerk of the Court is kindly instructed to ADD** the FPD to the docket as an "Attorney to be Noticed" using the following email address: ecf_nvchu@fd.org and **SEND** a copy of this Order to the FPD and CJA Coordinator for this division.

**IT IS FURTHER ORDERED** the FPD must **FILE** a notice of appearance, or **ADVISE** the Court that it cannot represent Petitioner, by **May 7, 2026**. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless appointed counsel is allowed to withdraw.

Additionally, Petitioner has not paid the filing fee or properly applied to proceed *in forma pauperis*. See ECF No. 1. Therefore, **IT IS HEREBY ORDERED** that Petitioner, with the assistance of counsel, must either pay the filing fee or submit an application to proceed *in forma pauperis* by **May 19, 2026**. The Clerk of Court is kindly instructed to attach a copy of this Court's standard application to proceed *in forma pauperis* form to this Order.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243); cf. also Rule 6(b), Rules Governing Section 2254 Cases in the United States District Courts (empowering a court to authorize discovery in habeas corpus proceedings for "good cause"); id. at Rule 1(b) (enabling a court to apply these rules to petitions brought under 8 U.S.C. § 2241). Indeed, it is "the inescapable obligation of the courts" to vindicate their "habeas corpus jurisdiction" by fashioning "methods for securing facts where necessary." Harris, 394 U.S. at 299. In short, "the power of inquiry on federal habeas corpus is plenary." Id. at 292 (citing Townsend v. Sain, 372 U.S. 293, 321 (1963)). Since Petitioner is presently detained, and they lack the ability to adequately develop their claim(s) in the absence of records that are in Respondents' custody and control, the Court needs limited discovery to properly dispose of this matter. Cf. id. at 291 ("And this Court has emphasized . . .

the fact that the petitioner, being in custody, is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in [their] petition[.]").

Therefore, **IT IS HEREBY ORDERED** Respondents must **PRODUCE** the following records relevant to the lawfulness of Petitioner's detention that are in their possession, custody, or control: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, Federal Respondents must **CERTIFY** that after a diligent search, they have determined any of the listed records are not in their possession, custody or control. Respondents must **PRODUCE** these documents to Petitioner's Counsel **within 3 days**, on or before **May 8, 2026**.

To promote judicial economy, **IT IS FURTHER ORDERED** that on or before **May 11, 2026,** Respondents must file a notice which indicates whether they contend Petitioner is or is not a Jacobo-Ramirez Class Member ("Notice"). See generally Jacobo-Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026) ("'Class Members' are: All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.") **Respondents shall file the following documents as an attachment to the Notice: (1) Form I-862 Notice to Appear; (2) Form I-213 Record of Deportable or Inadmissible Alien.**

**IT IS FURTHER ORDERED** that unless the FPD declines to represent Petitioner, Petitioner, with the assistance of counsel, **shall file an amended petition for a writ of habeas corpus on or before May 19, 2026**. Upon review of the amended petition, the Court will issue an appropriate order to show cause and briefing schedule pursuant to 28 U.S.C. § 2243.

To preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS FURTHER ORDERED** that Respondents shall not remove Petitioner from this judicial district, absent leave of this Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act, which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions"); F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966) (emphasizing that federal courts have the power "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioner's removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction over his claims and with the Court's ability to expeditiously resolve this case and provide appropriate relief. The Court thus finds this Order is warranted to maintain the *status quo* while the Court adjudicates Petitioner's claims.

**IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** that the Parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the court, unless the court orders otherwise. See LR IC 6-1; see also FED. R. CIV. P. 5.2.

**IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1.  **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to Counsel for Respondent John Mattos at ahesman@strucklove.com.

3. **MAIL** a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060/Reggie Radar at Henderson Detention Center.

**DATED:** May 5, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**